IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| KEITH DOUGHERTY, | * | CHAPTER 13 |
| Debtor | * | |
| | * | CASE NO. 1:15-bk-03756-MDF |

## OPINION[1]

Keith Dougherty ("Debtor") filed a petition under Chapter 13 of the Bankruptcy Code on August 31, 2015. On the same date he filed an application to pay the filing fee in installments. On September 1, 2015, Debtor paid $80 toward the filing fee. On September 2, the application to pay fees in installments was denied, and Debtor was ordered to pay the balance of the filing fee within seven days or his case would be dismissed with prejudice. Debtor paid the remaining balance of the filing fee on September 11, 2015. On September 14, 2015, Debtor filed a motion for reconsideration of the order denying his request to pay filing fees in installments. Debtor having paid the balance of the fees, this issue is now moot. As of the date of this Opinion, Debtor's bankruptcy case has not been dismissed.[2]

In the motion for reconsideration Debtor requested additional relief unrelated to the reconsideration of the Court's earlier order. Debtor requested that all proceedings in the within bankruptcy case be stayed, that his bankruptcy case be transferred to the District Court for the District of Columbia, and that I recuse myself from his case.

---

[1]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (O).

[2]There is a pending motion to dismiss Debtor's case for failure to file a complete list of creditors. Responses to the motion are due by September 28, 2015. If a complete list of creditors is not filed, or if Debtor fails to respond to the motion by September 28, 2015, the bankruptcy case will be dismissed.

Debtor alleges that I should disqualify myself from hearing his case because I have conspired with the Chief Judge of the Court of Appeals of the Third Circuit to deny his access to the courts. This allegation is baseless as there has been no communication between anyone connected with the Court of Appeals and me about Debtor's current bankruptcy filing or any of his prior cases in the Middle District of Pennsylvania, or, for that matter, in regard to any other issue concerning Debtor.

A judge is required to disqualify herself if her impartiality might reasonably be questioned. Fed. R. Bankr. P. 5004(a) (incorporating 28 U.S.C. § 455). "This objective standard asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses 'all the facts and circumstances.'" *U.S. v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998) (citing *U.S. v. Sellers*, 566 F.2d 884, 887 (4th Cir. 1977). However, a judge should not disqualify herself when the only bias alleged is unsupported allegations. *In re Womack*, 253 B.R. 245, 246 (Bankr. E.D. Ark. 2000). Under this standard, no relevant facts have been alleged that would support my recusal from this case.

Debtor also has requested that his bankruptcy case be transferred to the District of Columbia. A bankruptcy case may be commenced in the district where a debtor resides or is domiciled, has his principal place of business, or has his principal assets (subject to certain residency requirements). 28 U.S.C. § 1408. It is undisputed that Debtor has resided in this district for many years so venue is proper here. A case may be transferred to another district in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412. "The movant bears the burden of proving, by a preponderance of the evidence, that a transfer of venue is warranted. . . ." *In re Uslar*, 131 B.R. 22, 23 (Bankr. E.D. Pa. 1991).When considering whether to transfer a

bankruptcy case to another district, courts typically consider the following factors: the location of creditors, the location of the debtor, the location of parties who may become witnesses, the location of assets, whether the case may be more efficiently administered in another venue, and whether ancillary administration will be necessary if the case is converted to Chapter 7. *Id.* The most important consideration is whether the requested transfer will promote the administration of the estate. The only basis for the motion is Debtor's allegation is that he has a pending lawsuit in the District of Columbia and that he will be denied "access to any court within the control of Chief McKee." The District of Columbia case is not in the bankruptcy court, and the District Court would not administer a bankruptcy case in connection with a civil suit. If Debtor wishes to pursue relief under the Bankruptcy Code, venue in the Middle District of Pennsylvania is appropriate. Debtor has alleged no factors that would support a change of venue.

Debtor also has requested that proceedings in the within case be stayed. Having determined that Debtor's request for recusal and transfer of venue are without merit, no grounds for staying proceedings in the current case exist. Therefore, Debtor's request to stay proceedings in the within case will be denied.

By the Court,

_____
Mary D. France
Chief Bankruptcy Judge

Date: September 24, 2015